Thomas Joseph DUNN, Appellant,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellee.

No. 6756.

District of Columbia Court of Appeals.

Submitted Jan. 15, 1973.

Decided Feb. 27, 1973.

Wade J. Gallagher, Washington, D. C., for appellant.

John Eris Powell, Washington, D. C., for appellee.

Before FICKLING and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

Appellant, Thomas Dunn, challenges the correctness of the trial judge's award of summary judgment in favor of John Hancock Mutual Life Insurance Co. Appellant contends that a letter delivered with his life insurance policy resulted in a modification of that policy or, in the alternative, was an independent misrepresentation of the benefits to be derived from the policy. We disagree and affirm.

The following facts are undisputed. In July of 1931, appellant applied for a $5,000 life and endowment policy. Appellee issued the policy on September 1, 1931, and it was delivered to appellant by William J. Ellis, Jr., appellee's "whole-time agent." Appellant was also given a *form* letter signed by Mr. Ellis which stated in pertinent part:

2. If the dividends have been left to accumulate with the Company at interest, the Salary Savings Deductions may be stopped at age 61, *according to the current dividend scale,* and $5,000, will be payable to you at this time, if such action is requested. Interest will be paid on any undrawn balance to your account. [Emphasis added.]

Appellant's policy contained the following language:

This policy and the application herefor constitute the entire contract between the parties. . . . No modification or alteration of this policy or endorsement hereon will be valid unless made by the *President, a Vice President, the Secretary or an Assistant Secretary,* and *no other person* is authorized to *modify or waive* any of the terms and conditions of this policy . . . or to bind the Company by making any promise. . . . [Emphasis added.]

In May of 1968, appellant, then 62 years old, contacted appellee's local office and inquired about the surrender value of his policy. He was informed that the value was then approximately $4,000.

In response to appellant's further inquiries, appellee's agents explained that the reason the surrender value was only $4,000 was that the "current dividend scale" had varied during the past thirty-seven years and, additionally, that the rate of interest paid on the undrawn balance had also varied. They pointed out that the rate of interest had fluctuated between 4.5 and 3.5 percent per annum, but that it had never dropped below the contract minimum of 3.5 percent.

Appellant's contention that the language quoted from the letter resulted in a modification of his policy is without merit. First, it is undisputed that William J. Ellis, Jr., was not one of the enumerated individuals empowered to modify the policy. Second, there is no contention that appellant relied upon the representations made in the letter when he purchased the insurance. Additionally, the letter was neither attached to nor referred to in the policy. On these facts the overwhelming majority rule is that the insurer is not bound. *See*

Annot., 17 A.L.R.3d 777 (1964), and cases cited therein.

The judgment of the trial court is

Affirmed.